

United States Department of Justice

*United States Attorney*
*Northern District of New York*

*100 South Clinton Street, P.O. Box 7198*  Tel.: (315) 448-0672
*James M. Hanley Federal Building*  Fax: (315) 448-0658
*Syracuse, New York 13261-7198*

April 29, 2022

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

      Re:    *United States v. Stevens*
              5:22-MJ-142 (ML)

Dear Judge Lovric:

      Defendant Christopher Stevens is scheduled to appear before your honor on May 3, 2022, for a combined change of plea and sentencing hearing. Pursuant to the plea agreement, Stevens will plead guilty to a single count misdemeanor information charging him with violating 18 U.S.C. § 111(a)(1) (assaulting, resisting, or impeding certain officers or employees). The government submits this letter in lieu of a formal sentencing memorandum.

      The applicable sentencing guideline is U.S.S.G. § 2A2.4. It provides a base offense level of 10. There is a potential 3-level enhancement pursuant to U.S.S.G. § 2A2.4(b)(1)(A) because Stevens made physical contact with the Veterans Affairs Police Department officers who intervened to stop him from reaching the victim. The government's research has not revealed whether the physical contact described in the guideline must be contact with the victim as opposed to contact with someone who intervened, but by its plain terms this Court may conclude that the physical contact enhancement applies to the facts here.

      Without the 3-level enhancement for physical contact Stevens's adjusted offense level with acceptance of responsibility is 8, corresponding to a guidelines imprisonment range of 0-6 months.[1] With the 3-level enhancement for physical contact Stevens's adjusted offense level with acceptance of responsibility is 11, corresponding to a guidelines imprisonment range of 8-14 months, which becomes 8-12 months because the statutory maximum imprisonment term is 12 months. U.S.S.G. § 5G1.1(c) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided the sentence – is not greater than the statutorily authorized maximum sentence . . . .").

---

[1] The government believes the defendant will fall into criminal history category I.

Letter to Hon. Miroslav Lovric
*United States v. Stevens*
5:22-MJ-142 (ML)
April 29, 2022
Page 2

      The government respectfully requests that the Court impose a guideline sentence. It is has no doubt been a challenge for emergency department staff to meet the needs of the community during the last two years of the pandemic. Doctors, nurses, and staff deserve to carry out their work free from threats and violence. Yet while receiving care and treatment at the Syracuse Veterans Affairs Emergency Department, where the defendant appeared regularly demanding care in non-emergency situations, the defendant threatened to kill and lunged aggressively toward a treatment provider. The defendant had to be physically restrained from reaching the treatment provider, during which time he continued to utter threats. This conduct was serious, it justifiably scared the treatment providers, and it distracted from the obviously critical work carried out in an emergency department. In addition, although the defendant is in criminal history category I, the pretrial services report reflects an apparent assault from when the defendant was traveling overseas. Considering the 18 U.S.C. § 3553(a) sentencing factors, a guideline sentence is appropriate. The government also requests that the Court impose a term of supervised release to follow the imprisonment term that includes conditions requiring mental health treatment/counseling.

      Respectfully,

CARLA B. FREEDMAN
United States Attorney

By: *[signature]*   Digitally signed by MICHAEL GADARIAN
Date: 2022.04.29 09:29:32 -04'00'

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198