# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF NEW YORK

**Albany - Main Office**
**39 NORTH PEARL ST.**
**5TH FLOOR**
**ALBANY, NY 12207**
**(518) 436-1850**
**(518) 436-1780 FAX**

**Syracuse - Branch Office**
**4 CLINTON SQUARE**
**3RD FLOOR**
**SYRACUSE, NY 13202**
**(315) 701-0080**
**(315) 701-0081 FAX**

**Lisa Peebles, Federal Public Defender**

RESPOND TO SYRACUSE OFFICE

April 29, 2022

Hon. Miroslav Lovric
United States Magistrate Judge
Federal Building & U.S. Courthouse
15 Henry Street
Binghamton, New York   13901

RE:   **UNITED STATES v. CHRISTOPHER STEVENS**
      **CASE NO.: 5:22-MJ-0142**

Dear Judge Lovric:

Christopher Stevens will appear before you on Tuesday, May 3, 2022, to enter a plea of guilty and be
sentenced. Mr. Stevens will be pleading guilty to one count of violating 18 U.S.C. § 111(a)(1) (assaulting,
resisting, or impeding certain officers or employees), a misdemeanor. The statutory maximum sentence is
one year. The defense calculates Mr. Stevens's Guideline sentencing range as 0-6 months.[1] Mr. Stevens
has been detained since March 29, 2022. By this letter, the defense respectfully requests that the Court
impose a sentence of time served.

Mr. Stevens was born in Santa Cruz, California, in 1987. (Pretrial Services Report ("PTSR") at 1.) His
medical records indicate that he experienced significant sexual trauma as a child. He enlisted in the
United States Army in 2008. *Id*. at 2. He served in the Army until 2013. *Id*. Mr. Stevens has advised
counsel that he had an excellent service record and was fast-tracked to the rank of Sergeant. He states that
he was assigned to the Presidential Escort Platoon, for which he was required to maintain a security
clearance. Late in his Army career, Mr. Stevens sustained a back injury during training that required
substantial medical attention. He was prescribed Percocet and other powerful pain killers. He became
addicted to those substances.

In the period after his discharge from the Army, Mr. Stevens began to seriously struggle with mental
health issues and addiction. He was diagnosed with dissociative identity disorder, bipolar disorder, mood
disorder, and schizophrenia. (PTSR at 3.) During these years, Mr. Stevens was prescribed a variety of
mental health medications, including Adderall, anti-depressants, and anti-anxiety medications. These

---

[1] The applicable Guideline is § 2A2.4, which provides a base offense level of 10. The three-level enhancement for
an offense that "involved physical conduct" and the two-level enhancement if "the victim sustained bodily injury"
do not apply. As discussed below, Mr. Stevens did not make any physical contact with Dr. B.K., the victim. Indeed,
as discussed below, Dr. B.K. was no longer in the room at the time that Mr. Stevens "lunged." As discussed below,
two VA police officers made physical contact with Mr. Stevens after he "lunged," but that contact was initiated by
the officers rather than by Mr. Stevens. As the government acknowledges in its sentencing letter, there does not
appear to be any caselaw applying the enhancement under these facts. The rule of lenity counsels that any ambiguity
should be construed in favor of the defendant. Accordingly, the  enhancement should not apply. After receiving a
two-point downward adjustment for acceptance of responsibility, Mr. Stevens's total offense level is 8. Mr. Stevens
has no criminal history points, which results in a Criminal History Category of I. Mr. Stevens's Guideline range is
thus 0-6 months.

medications did not effectively prevent Mr. Stevens from undergoing repeated episodes of psychosis. Despite these struggles, Mr. Stevens was able to successfully complete several semesters of college at Arizona State University.

In 2018, Mr. Stevens was released from inpatient psychiatric care at a VA facility in Palo Alto, California. He traveled to Central New York, in part because his father lives in Ithaca and there was a hope that Mr. Stevens could find stable housing with family. Over the next several years, Mr. Stevens was seen frequently at the Syracuse VA for both physical and mental health issues. In February 2022, Mr. Stevens decompensated significantly and began visiting the VA's emergency department frequently. This included approximately twenty visits between February 27, 2022, and March 21, 2022.

On March 21, 2022, Mr. Stevens arrived at the VA emergency department at about 1:30 a.m.[2] Emergency department staff requested coverage by VA police officers because Mr. Stevens had been disruptive in the past. Officers Harris and Rigo responded and were instructed to stand outside the triage room where Dr. B.K. planned to meet with Mr. Stevens. During the triage session, Mr. Stevens was "calm and cooperative," received his prescription, and then inquired if Dr. B.K. would contact a social worker for him. Dr. B.K. replied that he had "already put Stevens in contact with a social worker and he should use the number provided to him to contact the social worker if there are any issues." Mr. Stevens then became agitated and called Dr. B.K. a "bitch" and an "asshole." At that time, Officer Harris "stepped in and Dr. [B.K.] exited the triage room." Officer Harris "informed Stevens that he does not need to speak to Dr. [B.K.] like that and I would escort him to the pharmacy to pick up his medications." It was then, with Dr. B.K. out of the room, that Mr. Stevens "stood up and attempted to exit the triage room toward Dr. [B.K.]." The two officers stepped in front of Mr. Stevens so he could not exit the room. Mr. Stevens "attempted to push" past the two officers, but they grabbed him "using the minimal force necessary," took him to the ground, and handcuffed him. The officers escorted Mr. Stevens to a holding room, advised him of his rights, issued a violation notice to Mr. Stevens for disorderly conduct, escorted Mr. Stevens to the pharmacy, and then escorted him off the property without further incident.

On March 24, 2022, Mr. Stevens returned to the VA for care. He remained for seven or eight hours. Prior to discharge, he had multiple exchanges with a VA psychiatrist. In lengthy discharge notes, the psychiatrist, who was aware of the March 21 incident, opined that Mr. Stevens " does not appear to be at imminent risk of significant physical harm to himself or others." At one point during this hospitalization, the psychiatrist "observed another patient threatening him physically, and the veteran himself walked away and did not respond in kind." In a meeting early on during this hospitalization, the psychiatrist suggested that a long-acting injectable form of Abilify (an antipsychotic medication) would be beneficial to Mr. Stevens, in part because it would ensure that Mr. Stevens did not skip dosages of the drug. In a later meeting, Mr. Stevens requested a dosage of the long-acting medication. The psychiatrist noted that Mr. Stevens's "decision to request an acceptable long-acting injectable formulation is evidence of his commitment to treatment and stabilization."

On March 28, 2022, a complaint was filed in this Court charging Mr. Stevens with violating 18 U.S.C. § 111(a). (Dkt. No. 1.) Significantly, the complaint characterizes Mr. Stevens as having "lunged at B.K. in an aggressive manner" without specifying that Dr. B.K. was no longer in the room when Mr. Stevens lunged. (Dkt. No. 1 ¶ 6.)

Mr. Stevens was arrested on March 29, 2022. He has been in custody at Broome County Jail since his arrest. Mr. Stevens's condition has significantly improved during his incarceration. The long-acting

---

[2] The information in this paragraph is taken from the reports of Officers Rigo and Harris, provided to the defense by the government in discovery.

injection of Abilify that he received a few days before his arrest has been remarkably effective. Mr. Stevens wishes to continue this treatment, which he credits for much of his stabilization. The defense has not been made aware of Mr. Stevens posing any disciplinary problems at the jail. Wendy Varricchio-Fletcher, a licensed clinical social worker who works as a Veterans Justice Outreach Specialist for the VA, has seen Mr. Stevens in person twice since his incarceration. She has observed him to be "calm, cooperative, with linear and goal directed thought process.  He was open to discussion of and referral for both mental health and substance treatment services."  Ms. Varricchio-Fletcher has been working with Mr. Stevens and the VA to obtain a long-term inpatient placement for him. A representative from the VA facility in Montrose, New York, interviewed Mr. Stevens on Wednesday, April 27, 2022. The defense is hopeful that a placement can be finalized before the change of plea/sentencing hearing. Mr. Stevens receives an income of $3400 per month in benefits, which he can use to obtain stable housing pending placement in a facility and/or after his release from inpatient treatment. During all of his interactions with defense counsel, Mr. Stevens has been clear-headed and remorseful and has sincerely expressed his desire to obtain and maintain appropriate mental health treatment if released from jail. He is deeply sorry for his behavior and is working to ensure that it never happens again.

The factors under 18 U.S.C. § 3553(a) all weigh in favor of a sentence of time served in this case. The incident occurred when Mr. Stevens---who has long struggled with addiction and mental health issues---was in crisis. Although he lashed out verbally, he did not make any physical contact with Dr. B.K. and did not even "lunge" until the doctor had exited the room. Following the incident, he was allowed to leave the premises and was not arrested until a week later. During that time period, he sought services at the hospital again without incident. Mr. Stevens would benefit from intensive substance abuse and mental health treatment that is not available while he is jailed. Accordingly, the defense respectfully requests that the Court impose a sentence of time served.

Thank you for your attention to this matter. Please let me know if I can provide the Court with any further information.

Respectfully yours,
OFFICE OF THE FEDERAL PUBLIC DEFENDER

By:

*S/Randi J. Bianco Esq.*
Supervising Assistant Federal Public Defender

cc:   Michael Gadarian, AUSA (by ECF)
      Christopher Stevens (by mail)